BYERS v. BYERS *et al.*

1. **Homestead:** DIVORCE: LIEN FOR ALIMONY. When a decree was entered divorcing a husband and wife and giving the wife a *general* judgment only for alimony, leaving the husband the head of a family consisting of himself and several children, it was held that a homestead acquired and occupied as such prior to the rendering of the decree was exempt from sale to satisfy such judgment for alimony. Whether the court in rendering a decree of divorce can set apart the homestead to the wife, either absolutely or for a limited period, or can make the judgment for alimony a lien thereon (leaving the husband the head of the family) *quere.*

*Appeal from Jefferson District Court.*

SATURDAY, OCTOBER 13.

HOMESTEAD NOT LIABLE FOR ORDINARY JUDGMENT FOR ALIMONY.—In 1824, Thomas Byers (plaintiff) and Mary Byers (defendant) were married. Nine years since, the homestead property (forty acres of land), now in controversy, was acquired.

In 1864 (after acquisition of the homestead) the defendant, Mary, filed her petition for a divorce, for what cause or when such cause arose, does not appear. In 1865, she obtained a decree of divorce from the bonds of matrimony, and it was in said decree " further adjudged that Thomas Byers pay to the said Mary, the sum of $2,000 *as alimony,* and that in default of payment, execution issue therefor." This was the only order made in the divorce suit in relation to alimony or property.

Subsequently about $1,500 was realized from the sale on execution of property other than the homestead. To make the balance, an *alias fi. fa.* was issued and levied upon the plaintiff's homestead forty.

Plaintiff's allegations, that he is the head of a family, and that the property is now and for the past nine years has been the homestead of himself and family, are not denied.

The present suit is for an injunction to restrain the sale of the homestead forty, the same having been levied upon to make the balance of the $2,000. The wife and sheriff are made defendants.

From the order of the court dissolving the injunction, the plaintiff appeals.

*Robert H. Ratcliff* for the plaintiff.

*Slagle & Acheson* for the defendants.

DILLON, J.—All of the material facts are given in the statement. Upon these facts, we hold that the homestead was not ·liable to sale upon the execution, and, therefore, the court erred in dissolving the injunction.

1. HOME-
STEAD: DI-
VORCE: lien
for alimony.

We briefly state our reasons: The plaintiff is the head of a family, and did not cease to be such by reason of the divorce. Defendant, by the divorce, ceased to be a member of his family. The homestead law is intended for the benefit of the family, children as well as wife. If there are children, the plaintiff, notwithstanding the decree of divorce, is bound to shelter and support them. In the divorce suit the wife obtained no special order in relation to the children (if there are any), or the property of her husband.

Admitting, that under section 2537 of the Revision, the court might have set apart the homestead to her absolutely,· or for a qualified period; admitting (though not deciding) that it might have made the alimony a lien upon the homestead and other property, still it did not, but rendered a simple money judgment for the amount, directing this to be enforced in default of payment by execution in the usual manner. With this decree the wife was content. By it she must abide while it remains in force.

Pursuant to it a general execution issued. This execution was in the usual form. It could not have been levied upon property, such as the policy of the law exempts—as, for example, the team with which the plaintiff habitually earned his living.

And so there was nothing in the decree of divorce, nor in the form of the writ, which would authorize the sheriff to subject to sale the homestead property of the plaintiff. Whether a decree *might* have been obtained to this effect is not a question before us. Nor is it a question before us whether her rights in the homestead are at an end. What has been said, sufficiently indicates that we do not concur with defendant's counsel in considering the allowance for alimony as a debt contracted prior to the purchase of the homestead. Rev., § 2281. What we hold is, that she took a general judgment for so much money, and with the execution issued thereunder she can levy upon nothing which would not be subject to levy by any other money creditor. And what makes this view more satisfactory is, the consideration that *the property equities* (so to speak) of the parties should be settled in the divorce suit, where the chancellor has a full view of the parties and their circumstances. These circumstances are infinitely varied. The wife, it is true, should be paid her support. But it does not follow that her right to support is greater than the right of the children to shelter. Suppose in this case that there is a family of children, and that the property in question is all that is left. Should this be sold to pay the wife, and the children left without a home? This is put by way of illustration, and to show that all such questions should be adjusted in the divorce suit, where the court of equity, with a delicacy of tact all its own, can adapt its relief to the peculiarities of the situation.

The order dissolving the injunction is

Reversed.