### In re LE CLAIRE.

(District Court, N. D. Iowa, W. D.    September 2, 1903.)

1. BANKRUPTCY—DISCHARGE—CONCEALMENT OF PROPERTY.
    A claim for alimony, made by a married woman in a suit for divorce which was pending at the time of her bankruptcy, was not property which she could have disposed of, such as would vest in her trustee, and her failure to schedule the same was not a concealment of property which defeats her right to a discharge, nor was her refusal to convey

to the trustee property subsequently awarded her as alimony, and which she claimed under the statute as her homestead.

2. SAME—PROPERTY VESTING IN TRUSTEE—ALIMONY AWARDED WIFE AFTER BANKRUPTCY.

A claim of a wife for alimony is not a property right, and property awarded her as alimony after her bankruptcy does not become a part of her estate in bankruptcy.

3. SAME—HOMESTEAD EXEMPTION—IOWA STATUTE.

Under Code Iowa 1897, § 2973, which provides that the right of homestead exemption shall continue to the party to whom the property is adjudged in a decree of divorce, during continued personal occupancy, where a married woman, after her adjudication as a bankrupt, was granted a divorce, and awarded the custody of a child and the homestead of the family, title to which was in the husband, as alimony, such property cannot be subjected to the payment of her debts in the bankruptcy proceedings.

In Bankruptcy. On petition for discharge and objections thereto.

Harlan & Buck and G. H. Martin, for creditors.

SHIRAS, District Judge. From the record in this case it appears that the petition in bankruptcy was filed on the 8th day of April, 1903, and the adjudication thereon was entered on the day following, to wit, April 9th. It further appears that on the 23d day of March, 1903, the bankrupt had brought an action in the district court of Clay county, Iowa, for a divorce from her husband, Joseph Le Claire, and had in her petition asked that alimony should be granted to her out of the estate of her husband. On the 13th day of April, 1903, the court entered a decree of divorce, granting to the bankrupt a judgment for $100 against her husband, and setting aside to the bankrupt, as alimony, certain realty in Spencer, Clay county, Iowa, of the estimated value of $3,500, but subject to a mortgage of $2,000, and also granting to the bankrupt the care and custody of a minor child. On the 4th of May, 1903, the bankrupt was examined at length by the creditors, and she testified that her former husband, Joseph Le Claire, in 1899, bought a portion of lots 16, 17, and 18 in the town of Spencer, and built a house thereon, which he, with his wife and family, occupied as a home in September, 1899; that she, the bankrupt, now lives therein, it being the realty set apart to her as alimony; that she claims the same as her home, and refused to deed the same to the trustee in bankruptcy. It further appears from the record that the debts to the contesting creditors were created against her before she married Joseph Le Claire.

Upon the filing of the petition for discharge, a specification in opposition thereto was filed on behalf of two of her creditors, averring that within four months next preceding the filing of her petition in bankruptcy the bankrupt, with intent to hinder, defraud, and delay her creditors, had concealed her property, in that she had not listed as part of her assets her claim for alimony, and that she refused to list the same after it had been granted by the state district court.

Under these circumstances, would the court be justified in finding that the bankrupt had concealed the property from her creditors, within the meaning of the bankrupt act? When the petition in bankruptcy was filed, this property had not been assigned to her, and

there was no certainty that a divorce would be granted, or that any specific property would be set apart to her as alimony. She was not required to set forth in the schedules attached to her petition the fact that after the adjudication in bankruptcy she might become vested with the title to some property by way of alimony. According to the provisions of section 70 of the act of July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], the trustee is vested with the title of the bankrupt as of the date of the adjudication in all "property which prior to the filing of the petition he could by any means have trans-ferred or which might have been levied upon and sold under judicial process against him." Certainly, at the date of the adjudication in this case, the mere claim or possible right to alimony asserted by the bankrupt in the divorce proceedings could not have been levied on and sold under judicial process, nor was it a property right which could be made the subject of barter and sale with third parties by the bankrupt herself. Prior to the entering of the decree of divorce in the district court of Clay county, which was not done until some days after the date of adjudication, it could not be known whether a divorce would be granted to the bankrupt, or whether any alimony would be allowed her; and, if allowed, it could not be known whether it would be in the form of stated amounts of money to be paid by the husband, or by setting apart specific property to her, both of which methods are permissible under the statute of Iowa. In view of these considerations, and of the further fact that the Code of Iowa of 1897, § 3180, enacts, that: "When a divorce is decreed, the court may make such order in relation to the children, property, parties and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient"— it seems clear that a claim for alimony asserted in a suit for divorce is not a property right that can be sold and transferred by the claimant, or that can be levied on by judicial process. If this be true, then the failure to list the claim in the schedules attached to the petition in bankruptcy cannot be held to be a concealment of property of such a nature as to defeat the right to a discharge.

But it is claimed that, after the decree of the court had been entered awarding the alimony, the fact that the bankrupt refused to list the property or to convey it to the trustee would support the charge of concealment, and so defeat the discharge. There certainly was not actual effort on part of the bankrupt to conceal the facts of the situation from the creditors or the trustee. The whole proceedings in the divorce case are on record in the state court, and are open to all interested. Upon the examination of the bankrupt she stated the facts fully. It is true she refused to convey the property to the trustee, claiming that the same was her homestead; but this was not a concealment of the property, but only the assertion of her claim thereto. If the property is assets of the estate, it is vested, by operation of the act, in the trustee, and it cannot be fairly claimed, therefore, that the bankrupt is concealing the same from the trustee or the creditors. The assertion of her claim that the property is not part of the assets of her estate is only the assertion of a claim which she has the right to make; and, even if it should be finally ruled that the property

passes to the trustee as part of the assets of the estate, that would not sustain the charge that the bankrupt had concealed the property with intent to defraud.

But is it true that this property is part of the assets of the estate, which can be rightfully claimed by the trustee as part of the estate to be administered by him for the benefit of the creditors? The property in question belonged originally to the husband. He built a house on the lots, and with his wife and family occupied the same as a homestead. When the decree of divorce was granted, the court awarded the custody of the minor child to the mother, and set apart the homestead as alimony, the title thereto being conveyed to the bankrupt. Treating it as property then acquired by the bankrupt, it would not pass to the trustee, as the creditors have no interest in or claim to property acquired after the date of the adjudication, unless it represents property rights held by the bankrupt before the adjudication. Traer v. Clews, 115 U. S. 528, 6 Sup. Ct. 155, 29 L. Ed. 467. But the claim for alimony was not a property right held by the bankrupt. Thus, in Martin v. Martin, 65 Iowa, 255, 21 N. W. 595, it is said:

"But we are of the opinion that her right to alimony does not create in her an interest in his property. Alimony is an allowance out of the estate of the husband for the maintenance of the wife after the dissolution of the marriage relation."

In Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 48 L. Ed. 1009, it was ruled that alimony awarded to the wife was not a debt provable in bankruptcy, nor was it affected by a discharge granted the husband; it being said in the opinion:

"Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances may require. * * * Permanent alimony is regarded rather as a portion of the husband's estate, to which the wife is equitably entitled, than as strictly a debt. Alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife than by a court of a different jurisdiction."

By section 2973 of the Code of Iowa of 1897 it is enacted that:

"A widow or widower, though without children, shall be deemed a family within the meaning of this chapter, while continuing to occupy the real estate used as a homestead at the death of the husband or wife, and such right shall continue to the party to whom it is adjudged in a decree of divorce, during continued personal occupancy."

In the case now before the court the property in question was the homestead of the family at the time when the proceedings for divorce were begun and when the decree of divorce was granted. By that decree the homestead property was awarded to the wife, who, with her child, has ever since occupied it; and under the section of the Code just cited the family, consisting of the wife and her child, are entitled to the same homestead rights therein that would have existed in case no decree of divorce had been granted. It is not claimed that the property, being that of the husband, could have been subjected

124 F.—42

to the payment of the debts of the wife created before she became his wife, and the homestead exemption which existed in favor of the family before the decree of divorce is continued for the benefit of the wife and child by the provisions of section 2973 just quoted. By the setting apart of the homestead in the divorce decree provision was made for the child as well as for the wife, but, if the property can be taken by the trustee for the payment of the debts of the wife, the child is deprived of its interest in the family home. In Byers v. Byers, 21 Iowa, 268, wherein it was sought to subject the homestead, which remained in the occupancy of the husband, to liability for a money judgment awarded the divorced wife as alimony, Judge Dillon, speaking for the court, said:

"The plaintiff is the head of a family, and did not cease to be such by reason of the divorce. Defendant, by the divorce, ceased to be a member of his family. The homestead law is intended for the benefit of the family, children as well as wife. * * * The wife, it is true, should be paid her support. But it does not follow that her right of support is greater than the right of the children to shelter. Suppose, in this case, that there is a family of children, and that the property in question is all that is left, should this be sold to pay the wife, and the children be left without a home? This is put by way of illustration, and to show that all such questions should be adjudged in the divorce suit, where the court of equity, with a delicacy of tact all its own, can adapt its relief to the peculiarities of the situation."

The setting apart of alimony for the benefit of the wife and children is the enforcement of the duty resting upon the husband and father to make provision for them, and in the statute of Iowa express provision is made for changes in the original allotment of alimony when the circumstances render such change expedient or necessary. Property set aside as a provision for the wife and family may be destroyed by the elements, and this would justify the court in requiring the husband and father to make further provision for them, if of ability so to do. . If, in this case, the homestead is applied to the payment of the debts due from the wife, she and her child will be as effectually deprived of the provision made for them out of the property of the husband as though the home had been destroyed by fire, and the need for further provision for them would be equally pressing; yet it would certainly be most inequitable to hold that the husband must make further provision for them to meet the necessity created by the appropriation of the property to the payment of the debts of the wife. Furthermore, the interests of the child are involved in the disposition made of the property, and certainly the creditors of the wife have no right to subject the interests of the child to the payment of the debts due them. These considerations demonstrate the correctness of the views expressed by the Supreme Court of Iowa in Byers v. Byers, supra, and by the United States Supreme Court in Audubon v. Shufeldt, supra, that the control of alimony must be left to the court having jurisdiction of the divorce proceedings, and that it is not within the jurisdiction of the court in bankruptcy to take the property set apart as alimony, and distribute it among the creditors of the wife.

It cannot, therefore, be held that the creditors have sustained their objections to the petition for discharge, and, the same being overruled, the bankrupt is entitled to her discharge.