DANIELS v. MORRIS.

54 369
e143 184

1. **Homestead**: ATTACHMENT IN ACTION TO ANNUL MARRIAGE: CONVEYANCE. The law of homestead has no application in actions for divorce or to annul marriages, and the attachment authorized by section 2227 of the Code, in such actions, may lawfully be levied upon the homestead of the parties. A grantee of the adverse party subsequent to the levying of such an attachment takes the property subject to all the rights which the plaintiff may be decreed therein upon the trial of the action.

*Appeal from Lee District Court.*

THURSDAY, SEPTEMBER 23.

ACTION to recover forty acres of land. There was a judgment for the plaintiff. Defendant appeals.

*Hagerman, McCrary & Hagerman*, for appellant.

*Casey & Hobbs*, for appellee.

ROTHROCK, J.—The material facts in the case are as follows: One Nathan N. Foster was the owner of the land in controversy, and resided thereon, and occupied the same as his home. He had separated from his lawful wife, and without being divorced, he intermarried with one Jane Berry. Afterward, and while

1. HOMESTEAD: attachment in action to annul marriage: conveyance.

VOL. LIV—24.

living separate and apart from both of said women, he inter-married with the plaintiff, representing himself to be unmar-ried. The plaintiff entered into said marriage in good faith, believing Foster to be an unmarried man, and resided upon the land with him as his wife. Before his marriage with the plaintiff he was divorced from his lawful wife, and afterwards he was divorced from Jane Berry, the second wife. Upon ascertaining that Foster had falsely represented himself to be an unmarried man, and on November 1, 1875, the plaintiff having separated from Foster commenced her action to annul her marriage with him. In her petition she prayed "that said marriage be annulled and that as she had entered into the same in good faith, and at all times discharged the duties of both wife and nurse to said Foster, she may have compensa-tion decreed her as the law provides in the sum of $2,000." The petition also prayed that an attachment issue as provided by sections 2226 and 2232 of the Code, and alleged that de-fendant was about to dispose of his property, in whole or in part, with intent to defraud his creditors. Upon presenting the petition to the judge of the District Court an order was made authorizing an attachment in the sum of $1,200. The writ was issued and levied upon the forty acres of land in controversy, and the proper entry was made upon the incum-brance book.

The defendant moved into the house upon said premises and took up his abode with Foster in the year 1876, and while the suit to annul the marriage was pending. In Sep-tember, 1876, Foster conveyed the premises to the defendant, by a deed with covenants of general warranty, for a consider-ation of $1,000, consisting of certain real estate incumbered by mortgage, and the promissory note of the defendant for $500, and some $35 to $38 in money. It does not appear whether said note was negotiable, and it is not claimed that it has been paid. Upon conveying the land to the defendant Foster removed to the State of Wisconsin.

The case of the plaintiff against Foster was tried in Decem-

ber, 1876, and a decree was entered finding the allegations of the petition to be true, and that plaintiff was entitled to recover the sum of $1,000, and declaring the same to be a lien upon said property. Special execution was awarded for the sale of the attached property, in satisfaction of the amount found to be due. It was further found that the said real estate was not the homestead of Foster, and that he had permanently removed from this State.

A special execution was issued and the said property was sold to the plaintiff, and at the expiration of the period of redemption a sheriff's deed therefor was executed to her.

There are other facts in the case which, in the view we take of the rights of the parties, need not be stated.

Counsel for appellant insists that the levy of the attachment was void, because the land was the homestead of Foster, not liable to attachment, and the defendant cannot be charged with constructive notice of the levy, because the land was not described in the petition to annul the illegal marriage.

Conceding that the property in question was the homestead of Foster, when the attachment was levied, and up to the conveyance to the defendant (a point, however, which we do not determine), we think the levy of the attachment at the suit of the plaintiff was notice to the defendant that, as between the plaintiff and Foster, and all persons claiming through him, the right of Foster or his grantee to assert a homestead as against her claim for compensation, or alimony, was subject to the control of the court in adjusting the property rights of the parties to the illegal marriage. It cannot be questioned that in a suit for divorce and alimony the law of homestead has no application. The homestead is for the benefit of the family, and not for the husband alone. In a suit for divorce and alimony the court in adjusting the rights of the parties is not precluded from making such a division or disposition of the homestead between the parties as may appear to be just and equitable, taking into consideration the circumstances of the family and all the surroundings. If this may be done, then the attach-

ment authorized by section 2227 of the Code, which provides that any property taken by virtue thereof shall be held to satisfy the judgment or decree of the court," may be levied upon the homestead, for the attachment may of course be levied upon any property which the court may dispose of by decree. There is nothing in these views inconsistent with the case of *Byers v. Byers*, 21 Iowa, 268, nor of any other case to which our attention has been called.

Having seen that in actions for divorce an attachment may lawfully be levied upon the homestead, it remains to be determined whether the same rule applies in actions to annul illegal marriages. Both these kinds of action are provided for in chapter 3, title 15 of the Code. Section 2232 provides that in an action to annul an illegal marriage a petition shall be filed in such cases as in actions for divorce, and all the provisions of this chapter shall apply to such cases except as otherwise provided." Section 2236 is as follows: " In case either party entered into the contract of marriage in good faith, supposing the other to be capable of contracting, and the marriage is declared a nullity, such fact shall be entered in the decree, and the court may decree such innocent party compensation as in cases of divorce."

In the suit to annul the marriage it was charged in the petition, and found in the decree, that the plaintiff entered into the marriage contract innocently, and in good faith. It will be seen that the provisions of the statute above quoted give the court the same jurisdiction over the property of the parties as in cases for divorce, where there has been a legal marriage.

In our opinion the attachment, when levied and entered upon the incumbrance book, was notice to the defendant herein, and that after such levy he could acquire no right in the property by purchase, and by making improvement thereon, superior to the title acquired by the plaintiff under the attachment.

AFFIRMED.