WILLIAM LUEDECKE et al., Appellants, v. EMMA LUEDECKE, Appellee.

**DIVORCE:** **Alimony—Lien on Homestead.** A lien on the *homestead* · of a defendant in divorce proceedings is effected by a decree which declares that an award of alimony, attorney fees, and costs shall be "a lien upon any and all real estate now owned by the defendant, but said judgment shall not be enforced against said defendant during his lifetime."

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

MARCH 13, 1923.

ACTION to quiet title to certain real estate. A demurrer to defendant's answer was overruled. The plaintiffs elected to stand upon the petition, and judgment was entered for the defendant. Plaintiffs appeal.—*Affirmed.*

*T. J. Mahoney* and *F. L. Mackey,* for appellants.

*Baker, Doran & Baker,* for appellee.

FAVILLE, J.—Appellants' petition alleges that appellants are the sole heirs at law of one Adolph Luedecke, who died intestate on August 8, 1922, seized of the premises in controversy,

which, for many years prior to the death of said decedent, and at the time of his death, were occupied by him as a homestead. The appellants seek to quiet title in said premises as against any claims of the appellee therein.

For answer to appellants' petition, the appellee pleads, as an affirmative defense, that she was the wife of the said decedent, and that, on or about the 5th of December, 1921, she obtained a decree of divorce from the said decedent in the district court of Boone County, Iowa. The portion of said decree material to this case is as follows:

"It is therefore ordered, adjudged, and decreed that the plaintiff be, and she is hereby, awarded an absolute divorce from said defendant, and it is further ordered, adjudged, and decreed that plaintiff have and recover of said defendant alimony in the sum of $800, with interest thereon at the rate of 6 per cent from the 12th day of November, 1921; also for an attorney fee in favor of D. G. Baker, her attorney, in the sum of $50, and the costs of this action, taxed at $6.75, and is hereby given judgment for all of said amounts, which judgment is hereby made a lien upon any and all real estate now owned by the said defendant; but said judgment shall not be enforced against said defendant during his lifetime, but shall continue to remain a lien upon his said real estate until after his death, at which time said judgment, together with attorney fees and costs, may be enforced, and shall be paid by his estate to the plaintiff, if living, or if dead, shall be paid to her legal representatives and to her heirs, and shall be enforcible against any real estate now owned by the said defendant or any other real estate of which he may die seized."

Appellants interposed a general equitable demurrer to said answer.

I. The sole question for our determination is whether or not the decree of divorce established a judgment for alimony, attorney fees, and costs against the premises in question, which it is admitted were the homestead of the decedent.

In *Byers v. Byers*, 21 Iowa 268, we held that, where a judgment for alimony was general, a homestead was exempt from the lien thereof. This may be conceded to be the general rule.

In *Daniels v. Morris*, 54 Iowa 369, we said:

"It cannot be questioned that, in a suit for divorce and alimony, the law of homestead has no application. The homestead is for the benefit of the family, and not for the husband alone. In a suit for divorce and alimony, the court, in adjusting the rights of the parties, is not precluded from making such a division or disposition of the homestead between the parties as may appear to be just and equitable, taking into consideration the circumstances of the family and all the surroundings."

This also must be conceded to be the general and universal rule. So the question in the instant case is one of construction of the decree in the divorce case.

Did the decree of divorce, by its terms, create a lien upon the homestead of the decedent? It is true that the homestead was not designated or named by legal description in the decree. It was expressly provided, however, that the award of alimony was, by said decree, "made a lien upon any and all real estate now owned by the said defendant."

The homestead in question was owned by the defendant at said time. The decree, however, provided that the judgment for alimony should not be enforced against the defendant in said action during his lifetime, the evident purpose being to permit the defendant in said action to use and enjoy his real estate as long as he lived; but the decree expressly provided that the judgment "shall continue to remain a lien upon his real estate until after his death," and provided that, after the death of the said decedent, it should be enforced in favor of the appellee herein, and "shall be enforcible against any real estate now owned by the said defendant or any other real estate of which he may die seized."

Language could scarcely be used that would be more comprehensive than the language of this decree. It was not necessary, in order to establish the lien against the homestead, that the court by said decree should have described the homestead by name or legal description. The phrase "any and all real estate owned by the defendant" necessarily included the homestead which was then owned by the defendant in said action.

No exception was taken to this decree, and no appeal prosecuted therefrom. We must consider it now in a collateral proceeding, and, construing the language of the decree, we hold

that by its terms the homestead of the decedent, who was the defendant in said action, was made subject to the judgment for alimony obtained in said action by the appellee herein. This is not a case where a general judgment for alimony is sought to be enforced against the homestead, but is one where, by the very terms of the decree, the homestead and all other real estate owned by the defendant in said action were expressly made subject to the lien of said judgment for alimony, and it was expressly provided that said judgment should be enforcible against any of said real estate. We see no escape from the conclusion that the real estate in question, even though the homestead of the decedent, was subject to the lien of the judgment for alimony entered in behalf of the appellee, which said judgment is now a finality, and not subject to impeachment or attack.

That the court had power to make such a decree as was entered in the divorce action and subject the homestead thereby to the satisfaction of the judgment for alimony cannot be questioned. See *Hemenway v. Wood,* 53 Iowa 21; *Daniels v. Morris,* supra; *Williamson v. Williamson,* 185 Iowa 909; *Szymanski v. Szymanski,* 188 Iowa 931; Code Section 3180.

This is the rule recognized in other states also. *Mahoney v. Mahoney,* 59 Minn. 347 (61 N. W. 334); *Haven v. Trammell,* 79 Okla. 309 (193 Pac. 631).

II. It is urged by the appellants that the judgment for costs and attorney fees in the divorce suit cannot, in any event, be enforced against the homestead.

In *Wilson v. Wilson,* 40 Iowa 230, we held that an allowance made as part of the costs was, as such, no more entitled to be made a lien on the homestead than the court costs in the case included in the same judgment; but in said action the judgment was a general one, and contained no provision establishing the same as a lien on any property.

The situation is altogether different in the case at bar. The decree in the divorce case expressly provided that the appellee herein should be allowed $800 alimony, an attorney fee of $50, and the costs of the action, taxed at $6.75; and the decree recites that she "is hereby given judgment for all of said amounts, which judgment is hereby made a lien upon any and all real estate now owned by said defendant."

Under our statute there is no limitation upon the power of the court to make an award for attorney fees in a divorce action a lien upon the property of the defeated party. Under Code Section 3180, a very wide discretion is vested in the trial court, in entering a divorce decree with regard to the property rights of the parties. The court had jurisdiction to enter the judgment in said action, including therein the alimony, attorney fees, and costs, and, in adjudging the property rights between the parties, to establish the same as a lien upon any and all real estate owned by the defendant in said action. The decree so entered was not void, and cannot now be reviewed by us.

The trial court was correct in overruling the appellants' demurrer to the appellee's answer. The judgment appealed from is—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.