MILDRED RIESS AYERS, Appellee, v. FAYE AYERS, Appellant.

No. 44868.

November 24, 1939.

Louis J. Kehoe, for appellant.

Robert J. Shaw, for appellee.

HALE, J.—This is an action for divorce, brought by the plaintiff against her husband, in which petition was filed November 23, 1938, alleging cruel and inhuman treatment. An amendment to the petition was thereafter filed on December 28, 1938, alleging that the defendant had been convicted of a felony. Answer was filed denying the allegations of the petition, denying ownership of certain property, and alleging that certain real estate to which defendant had title was mortgaged and incumbered to about its mortgage value.

Prior to the hearing of the action for divorce the defend-

ant was indicted by the grand jury, charged with the crime of assault with intent to inflict great bodily injury upon the plaintiff, and on the 27th day of December, 1938, defendant entered a plea of guilty to the charge made in the indictment, waived time, and was sentenced to pay a fine of $300 and costs, with the alternative judgment of commitment to the county jail in the event the fine was not paid. Of this fine defendant paid $100.

Trial in the divorce proceeding was set for the 3d day of January, 1939, at the same term of court during which the defendant had entered his plea of guilty in the criminal action. On the day set for trial, at 8:51 in the morning, the defendant, by his attorney, took to the clerk's office a notice of appeal from the judgment in the criminal action, had it stamped with the filing mark, and took it away with him. This notice, however, was not entered on the clerk's docket until 11:46 of the same morning, after the conclusion of the hearing on the divorce proceeding. Nothing has ever been filed in the supreme court in an appeal in the criminal proceeding. It may be noted that the divorce proceeding and the criminal action were held at the same term of court and before the same judge.

At the trial of this action, on January 3, 1939, the plaintiff was a witness, but her testimony was largely in relation to the property and to money she had advanced to the defendant, and she did not personally testify in relation to the charge of cruel and inhuman treatment. There was introduced record evidence of the proceedings in relation to the criminal charge, including the indictment and the evidence attached thereto, which was received by the court without objection on the part of the defendant. At no time was any objection made to the pleadings or to the testimony offered.

I. The defendant's first ground of complaint is that the trial court erred in granting the plaintiff a decree of divorce based on a general finding in the decree that the equities in this case are with the plaintiff and she is entitled to the relief prayed for in her petition, for the reason that the only cause of action alleged by plaintiff in her petition was cruel and inhuman treatment, and no evidence of any character was offered by the plaintiff in support thereof.

In this allegation the defendant is in error. There was

evidence offered of cruel and inhuman treatment. No objection was made thereto and the court received documentary evidence which was sufficient to sustain the allegations of the petition in regard to the treatment of plaintiff and the assault upon her. Both sides seemed to take it for granted that the court was acquainted with the proceedings in the criminal case, had received a plea of guilty from the defendant, and was fully acquainted with the facts in the case and that there was no necessity of having the witnesses summoned to reiterate the evidence which they had previously given. The evidence offered was informal, elicited no complaint from any one connected with the case, and probably was presented in that way for convenience and to save expense. No objection having been made below we cannot consider it here.

II. Defendant also makes some allegation that the finding being based upon the facts alleged in the petition, the court could not consider the ground set out in the amendment; but here, too, no objection was made, either to the verification or the form, and the cause went to trial without objection on the petition as amended.

III. The third objection was to the action of the court in basing the decree in part on the finding that the defendant had been convicted of a felony. Here the defendant is inconsistent. If his contention is correct that the decree was based entirely upon the allegations of the petition and not upon the petition and amendment, then the decree would be based only on the ground of cruel and inhuman treatment. If the defendant is correct in his assumption that the decree was based only upon the ground of cruel and inhuman treatment—that is, upon the allegations of the petition—then the question of whether or not an appeal had been taken from the conviction for a felony is immaterial.

Finding as we do that the court had ample grounds for a decree on the charge of cruel and inhuman treatment, we do not deem it necessary to consider the question whether or not an appeal from the criminal action had actually been taken. However, as indicated heretofore, in the matter of the appeal in the criminal proceeding nothing has ever been filed in this court, either by way of transcript, abstract, brief, or argument. But regardless of this question, which is one we are not called

upon to decide, there is, to our minds, sufficient in the testimony introduced on the trial to warrant the finding of the court. It may be suggested, however, that while this court has never directly passed upon the right of appeal where a part of a fine was paid, yet in an early case, State v. Westfall and Mathews, 37 Iowa 575, the court held that where the fine had been paid in full no right of appeal existed.

IV. Defendant further objects to the award of judgment against property which is alleged to have been a homestead. We do not find this question was raised on the trial, but even if it had been, we think that the court in its decree could make provision for the disposition of the homestead, or charges against it in favor of one as against the other. See Luedecke v. Luedecke, 195 Iowa 507, 192 N. W. 515.

We have examined the evidence in the case and are in accord with the finding of the district court. The cause is, therefore, affirmed.—Affirmed.

OLIVER, C. J., and MITCHELL, HAMILTON, STIGER, SAGER, BLISS, and MILLER, JJ., concur.