Joan Irene **KOBRIGER**, Appellee,

v.

Earl George **WINTER**, Appellant.

No. 60445.

Supreme Court of Iowa.

March 22, 1978.

Dennis G. Larson, of Strand, Anderson, Raduenz & Larson, Decorah, for appellant.

Richard Zahasky, of Meyer, Zahasky & Lorentzen, Decorah, for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

REYNOLDSON, Justice.

The issue before us is whether a lump-sum alimony award, made a lien on the homestead distributed to the other spouse in a dissolution decree, may be enforced by judicial sale when the alimony is not timely paid. We hold the lien may be so enforced and therefore affirm.

The February 28, 1974, dissolution decree provided respondent husband Earl George Winter should have the homestead at 300 Cherry Street, West Union, Fayette County, Iowa. It further provided he should pay petitioner Joan Irene Winter (now Kobriger) "within 120 days after the entry of this decree a lump-sum settlement in the sum of $2,500.00 which shall be a lien upon the real estate commonly referred to herein as 300 Cherry Street in West Union, Fayette County, Iowa. The same amount shall draw interest at the rate of 6% per year commencing with the date of this Decree until such time as it is paid."

Each party was awarded two of the four minor children. Other provisions of the decree do not concern us here.

Both parties appealed from the dissolution decree. We held the property division was inequitable. We awarded Kobriger a $15,000 "lump sum alimony award" in lieu of both $10 per week alimony and the $2,500 payment. We provided it should be held in trust until the two minor children awarded her both reached age 18 unless they sooner died or became emancipated. We specifically found "[t]he other provisions of the decree regarding property are justified." *In re Marriage of Winter*, 223 N.W.2d 165, 170 (Iowa 1974).

December 30, 1974, trial court amended its original decree in conformance with our opinion, but failed to include the language making the alimony a lien on the real estate awarded to Winter. Kobriger moved for Nunc Pro Tunc order to correct this omission. After a hearing, trial court granted the motion. Winter did not appeal.

December 17, 1975, following proceedings instituted by Kobriger, the Fayette County sheriff served Winter with notice of execution on the residence property. The latter claimed a homestead exemption. The sheriff notified Kobriger he intended to release the levy on execution unless further proceedings were instituted.

Kobriger then filed this equity action in district court. She sought to enjoin the sheriff from releasing the execution, prayed that it be determined she was entitled to foreclose the lien, and that she have interest, costs and other equitable relief. Winter counterclaimed for actual and exemplary damages because of Kobriger's attempts to execute on his real estate.

Trial court granted Kobriger's summary judgment motions. She was authorized to complete the levy of execution proceedings. Winter's counterclaim was dismissed.

I. Appealing, Winter relies on § 561.16, The Code:

"The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale, *where there is no special declaration of statute to the contrary,* and such right shall continue in favor of the party to whom it is adjudged by divorce decree during continued personal occupancy by such party." (emphasis supplied)

Winter does not deny that § 598.-21 (relating to the court's right in a dissolution proceeding to "make such order in relation to the * * * property * * * as shall be justified") is a "special declaration of statute" which makes the homestead laws ineffective to bar judicial sale or other disposition of the homestead in adjusting the parties' property rights. See *In re Marriage of Tierney,* 263 N.W.2d 533, 535 (Iowa 1978). Nor does he question a dissolution court's power to make alimony or property settlement a lien on a homestead awarded one of the parties. See *Luedecke v. Luedecke,* 195 Iowa 507, 192 N.W. 515 (1923).

Rather, attempting to thread an illusory loophole discernable only to him, Winter argues the lien cannot be enforced unless specific judicial sale provisions are incorporated in the decree. Because such provisions were not included here, Winter insists the lien cannot be foreclosed until the homestead character of the property has been abandoned. In brief, Winter argues the homestead, once awarded to one of the parties by the decree, is afforded the § 561.16 protection even against enforcement of a lien created by the same decree. We are not so persuaded.

The original dissolution decree provided the sum awarded Kobriger was due in 120 days. The lien was to secure its payment. This was the plain intent of district court's ruling. We so interpreted it when we provided the increased award was to be held in trust until the children whose custody was granted Kobriger attained age 18, with the income going to Kobriger. As the money was not paid when due, the lien which secured it may be enforced against the home by judicial sale.

We hold Winter is not insulated by § 561.16 from the remedy of foreclosure of the decreed lien. This holding finds support in *In re Marriage of Tierney,* supra; *In re Bagnall's Guardianship,* 238 Iowa 905, 29 N.W.2d 597 (1947); *Luedecke v. Luedecke,* supra; *Daniels v. Morris,* 54 Iowa 369, 6 N.W. 532 (1880).

We affirm the judgments entered below. Costs are taxed to appellant Winter.

AFFIRMED.