**In re The MARRIAGE OF Larry TIERNEY and Ranell Tierney.**

**Upon the Petition of Larry TIERNEY, Appellee,**

**and concerning Ranell TIERNEY, Appellant.**

No. 60476.

Supreme Court of Iowa.

March 22, 1978.

Thomas C. Lynch, Decorah, for appellant.

Miller, Pearson, Gloe & Burns, Decorah, for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether a trial court may enter a decree in a dissolution action ordering sale of the homestead of the parties to pay their debts. Respondent Ranell Tierney contends the court lacked authority

to do so in this case. We hold that the homestead exemption statute, § 561.16, The Code, does not prohibit a dissolution decree provision for sale of the homestead to pay debts of the parties. Therefore we affirm the trial court.

At the time the decree was entered the principal assets of the parties were their homestead, owned in joint tenancy, and inventory and fixtures of a variety store which they operated in leased premises in Decorah. The home had a fair market value of $47,000 but was subject to a mortgage debt of $32,000. The business inventory and fixtures were valued at $85,000, but were subject to liabilities of $110,000, consisting mainly of a series of notes of the business payable to a local bank. The notes were individually guaranteed by the parties and petitioner Larry Tierney's father.

In its dissolution decree the trial court divided the property of the parties. Insofar as material here, Larry was awarded the business assets, subject to the liabilities. The homestead was ordered sold and the proceeds remaining after payment of the mortgage, sale costs, dissolution attorney fees and $400 to Ranell were to be paid to the bank to reduce the business indebtedness. The trial court reserved jurisdiction to adjust the property division if the business became profitable in the future.

In challenging this provision of the decree Ranell does not contend it is inequitable. Instead she asserts, as she did in the trial court, that the provision violates her homestead rights under § 561.16, The Code. She alleges a trial court may not order sale of the homestead in a dissolution action unless the proceeds go to one or both of the parties.

Code § 561.16 provides:

The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary, and such right shall continue in favor of the party to whom it is adjudged by divorce decree during continued personal occupancy by such party.

The other statute involved here is Code § 598.21 which provides in relevant part:

When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.

In a number of cases this court has approved decree provisions adjusting property rights through sale of a homestead where creditors were to share in the proceeds. See *In re Marriage of Zoellner*, 219 N.W.2d 517 (Iowa 1974); *In re Marriage of Dowie*, 215 N.W.2d 276 (Iowa 1974); *Ayers v. Ayers*, 227 Iowa 646, 288 N.W. 679 (1939); *Luedecke v. Luedecke*, 195 Iowa 507, 192 N.W. 515 (1923). However, the provisions in those cases were not attacked as violating the homestead laws.

The purpose of homestead laws is "to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and social benefit which accrues to the state by having families secure in their homes." *In re Estate of McClain*, 220 Iowa 638, 644, 262 N.W. 666, 669 (1935); see *Davis v. Davis*, 246 Iowa 262, 67 N.W.2d 566 (1954). To that end the statutes are broadly and liberally construed in favor of exemption. *Millsap v. Faulkes*, 236 Iowa 848, 852, 20 N.W.2d 40, 42 (1945).

However, when a dissolution occurs the family unit which the homestead laws are designed to protect is put asunder. This is recognized in § 561.16 by its provision that the exemption will follow the homestead's award to one of the parties. The homestead's status then depends on personal rather than family occupancy. That provision is not involved here because the home was not awarded to one of the parties. The issue here relates to the statute's effect when the homestead is ordered sold.

Our cases have long recognized that § 598.21 constitutes a "special declaration of statute" which makes homestead laws ineffective to bar judicial sale of the homestead in adjusting the property rights of the parties. As noted in *Daniels v. Morris*, 54 Iowa 369, 371, 6 N.W. 532, 533 (1880):

It cannot be questioned that in a suit for divorce and alimony the law of homestead has no application. The homestead is for the benefit of the family, and not for the husband alone. In a suit for divorce and alimony the court in adjusting the rights of the parties is not precluded from making such a division or disposition of the homestead between the parties as may appear to be just and equitable, taking into consideration the circumstances of the family and all the surroundings.

Ranell acknowledges our cases recognize the power of the court under § 598.21 to order a judicial sale of the homestead, but she insists the proceeds must go to one or both of the parties and may not go to a creditor who does not hold a lien on the homestead.

 This contention will not withstand analysis. Because § 598.21 creates an exception to the judicial sale prohibition of § 561.16, the homestead laws simply have no application when judicial sale is decreed. Once sale is ordered, nothing in the homestead laws purports to control judicial disposition of the proceeds. The proceeds would be subject to the claims of creditors in the hands of the parties. Moreover, nothing in § 598.21 prohibits the court from ordering the proceeds applied directly on a debt in settling the parties' property affairs. Assets and debts are allocable under the dissolution court's statutory power to adjust property rights. A decree which orders homestead sale proceeds paid to a creditor is no less authorized than one which would make one of the parties responsible to pay the same debt from allocated assets.

No issue is presented with regard to the fairness of the property division or the wisdom of using the parties' equity in their homestead to apply on the business debt. We are concerned here only with the court's power to do what it did. We hold it had the necessary power.

This holding is in accord with the law elsewhere. See *Ruprecht v. Ruprecht*, 255 Minn. 80, 96 N.W.2d 14 (1959); 24 Am. Jur.2d Divorce and Separation § 931 at 1062

("Even though a statute authorizes the court to award the right to occupy the homestead, it may also order a sale of the homestead, and it is proper to order such a sale where the parties have a large amount of bills, and the husband is practically insolvent, and it seems necessary to sell the property to pay the bills and preserve his employment.")

We find no merit in Ranell's challenge of the decree here.

AFFIRMED.