BRIGHT, Senior Circuit Judge,
dissenting.
I respectfully dissent.
The majority today pays mere lip service to the important principle that the interpretation of state law by a federal district court judge sitting in that forum is entitled to substantial deference. Relying on hoary precedent, the majority overturns the district court’s determination that Audrey Mae Kinser’s new homestead is exempt from judicial sale under sections 561.7, 561.16 and 561.20 of the Iowa Code to the extent of value of her prior homestead.
The Iowa Supreme Court recently observed that “the purpose of homestead laws is ‘to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and so *1333 cial benefit which accrues to the State by having families secure in their homes.’ ” Brown v. Vonnahme, 343 N.W.2d 445, 451 (Iowa 1984) (quoting In re Marriage of Tierney, 263 N.W.2d 533, 534 (Iowa 1978)). “To that end the [homestead] statutes are broadly and liberally construed in favor of exemption.” In re Marriage of Tierney, supra, 263 N.W.2d at 534.
I am uncertain how the Iowa Supreme Court would decide this case if presented with it. However, I believe that the district court’s decision is in keeping with the policy behind Iowa’s homestead laws and with the Iowa Supreme Court’s approach to those laws. I certainly do not believe that the district court’s interpretation of Iowa law is “fundamentally deficient in analysis or otherwise lacking in reasoned authority.” Ancom, Inc. v. E.R. Squibb & Sons, Inc., 658 F.2d 650, 654 (8th Cir.1981). Accordingly, I would affirm.