**In the Matter of Greig Ernest SULLI-VAN, fdba Slick Sully's Emporium, Debtor.**

**Bankruptcy No. 86-2588-C.**

United States Bankruptcy Court, S.D. Iowa.

Feb. 22, 1988.

Curtis A. Ward, Marshalltown, Iowa, for debtor.

Donald F. Neiman, Des Moines, Iowa, Trustee.

Donald G. Allbee, Marshalltown, Iowa, for Marie Luise Sullivan.

## ORDER ON MOTION TO AVOID LIEN

LEE M. JACKWIG, Chief Judge.

On March 24, 1987 a resistance to the debtor's motion to avoid lien filed on behalf of Marie Luise Sullivan came on for hearing before this court in Des Moines, Iowa. Donald G. Allbee appeared on behalf of the creditor, Marie Luise Sullivan, and Curtis A. Ward appeared on behalf of the debtor, Greig Ernest Sullivan. At the close of the March 24, 1987 hearing, the parties were given three weeks to submit briefs and in particular to address the issue of whether a dischargeability dispute has any bearing on a motion to avoid liens. The creditor's attorney was also directed to indicate whether the creditor wished to proceed with a dischargeability complaint within two weeks. The matter was considered fully submitted on April 14, 1987. The court notes that no dischargeability complaint has been filed to date.

### FACTUAL BACKGROUND

Prior to January 18, 1978 the parties involved were married to one another. On October 27, 1978 the parties entered into a stipulation regarding a supplemental decree of dissolution. The stipulation provided among other things that the debtor shall pay $200.00 per month as child support, that Marie Luise shall reside in the marital home until sold, that the parties shall divide the proceeds from the sale of the premises, and that from the debtor's share of the proceeds, Marie Luise shall be paid

$4,375.00 in cash representing joint funds used to finance the debtor's business. On April 10, 1984 the parties entered into another stipulation and agreement whereby Marie Luise agreed to quit claim to the debtor her interest in the premises in exchange for the debtor's agreement to pay $6,000.00. On July 21, 1986 the dissolution decree was modified to award joint custody of the children and to determine the support arreage and future support obligation.

The debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on September 26, 1986. The debtor listed Marie Luise Sullivan as an unsecured creditor having a claim in the amount of $12,000.00 arising out of a property settlement in January of 1978. On October 30, 1986 the debtor moved to avoid various judicial liens including that held by Ms. Sullivan on the real estate claimed as an exempt homestead. On December 17, 1986 Marie Luise Sullivan filed a resistance to the debtor's motion to avoid lien asserting that her judgment arose out of a dissolution of marriage. Ms. Sullivan also asserts that the underlying debts are nondischargeable. The parties have identified the three separate obligations as follows: (1) approximately $3,300.00 in delinquent child support; (2) $4,375.00 representing a property settlement ordered by the supplemental Decree in October of 1978; and (3) $4,000.00 representing the amount due under the parties agreement in April of 1984.

### DISCUSSION

Before addressing the issue of lien avoidance, the the court will consider whether an allegation that the underlying debt is nondischargeable has any bearing on a motion to avoid liens.

■ It is well understood that debts are distinct from the liens which secure those debts. If Congress determines that debts are dischargeable but that liens are not, *see* 11 U.S.C. section 524, that is Congress's prerogative to do so. *Matter of Gantt,* 7 B.R. 13, 13–14 (Bankr.N.D.Ga.1980); *In re Krajci,* 7 B.R. 242, 244 (Bankr.E.D.Pa. 1980). The court's inquiry into the avoidance of liens which impair a debtor's right

to exemptions is wholly unaffected by the nature of the debt which is secured by those liens. *Matter of Gantt,* 7 B.R. at 14. Even though a debtor may be personally obligated after a bankruptcy discharge to pay a nondischargeable debt, the debtor still holds a right to the exemptions provided by 11 U.S.C. section 522.

■ Both parties have apparently overlooked the exception to the above proposition contained in 11 U.S.C. section 522(c), which provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ...before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title ...

Under this section a debt of a kind specified in section 523(a)(5) to a former spouse or child of the debtor for alimony, maintenance or support may reach exempt property.

Despite the court's urging, Ms. Sullivan did not file the requisite complaint to determine the dischargeability of certain debts pursuant to 11 U.S.C. section 523(a)(5) and Bankruptcy Rule 7001(6). Of course, pursuant to Rule 4007(b) she need not file such a complaint within the time period provided in 11 U.S.C. section 523(c) and Bankruptcy Rule 4007(c). Nonetheless, at this juncture the court cannot determine whether the obligations arising under the dissolution decree are in the nature of alimony, maintenance, or support. The parties did agree at the March 24, 1987 hearing that the obligation for child support was nondischargeable under 11 U.S.C. section 523(a)(5). Accordingly, under 11 U.S.C. section 522(c)(1) the debtor's homestead, although claimed exempt, is liable for the child support judgment which became a lien when payment was due. *See In re Marriage of McMorrow,* 342 N.W.2d 73, 75 (Iowa 1983).

■ Although Ms. Sullivan has addressed the remaining obligations arising out of the dissolution decree in the context of a section 523(a)(5) dischargeability complaint, the court must analyze those obli-

gations in the context of the lien avoidance provisions of 11 U.S.C. section 522(f)(1). The issue then is whether the homestead claimed by the debtor is protected by Iowa's homestead exemption statute and is thereby insulated from the his ex-spouse's lien. The debtor does not dispute the state court's authority to impress a judicial lien upon the homestead based on the obligations set forth in the parties supplemental decree of 1978. Rather the debtor contends that the conveyance from Ms. Sullivan in April of 1984 extinguished any judicial lien and reduced the debtor's obligation to a mere promise to pay.

The debtor agrees that the operative statutes necessary for the resolution of this issue are section 522(f) of the Bankruptcy Code, section 561.16 of the Iowa Code (1987) (Homestead Statute), and section 598.21 of the Iowa Code (1987) (Marriage Dissolution Statute).

Section 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

. . . .

The Iowa Homestead exemption statute provides as follows:

The homestead of every person is exempt from judicial sale *where there is no special declaration of statute to the contrary,* provided that persons who reside together as a single household unit are entitled to claim in the aggregate only one homestead to be exempt from judicial sale.

Iowa Code § 561.16 (1987) (emphasis added).

The marriage dissolution statute in sum provides that when a dissolution of marriage is decreed, the court may make such orders in relation to the children, property, parties and the maintenance of parties as is justified by the circumstances. *See* Iowa Code § 598.21 (1), (3) and (4).

The debtor also agrees that the Iowa Supreme Court has construed section 598.-21 as a "special declaration of statute to the contrary" of the homestead exemption granted by Iowa law. *In re Marriage of Tierney,* 263 N.W.2d 533 (Iowa 1978); *Kabriger v. Winter,* 263 N.W.2d 892 (Iowa 1978). Thus the effect of a judicial lien granted pursuant to a dissolution decree is to render the otherwise exempt homestead property not exempt to the extent of the value of such judicial lien. *See In re Adams,* 29 B.R. 452, 454 (Bankr.N.D.Iowa 1982); *In re Graham,* 28 B.R. 928, 931 (Bankr.N.D.Iowa 1983); *Matter of Rainey,* Case No. 80–1730–C, unpublished op. at 3–4 (Bankr.S.D.Iowa, May 11, 1980); *See also In re Maus,* 48 B.R. 948 (Bankr.D.Kan. 1985); *In re Seablom,* 45 B.R. 445 (Bankr. D.N.D.1984). An alternative view which produces the same result was identified by the Eighth Circuit Court of Appeals in *Boyd v. Robinson,* 741 F.2d 1112 (8th Cir. 1984). In that case the court found that the debtor did not meet the requirements of lien avoidance under section 522(f)(1) because the lien granted by the dissolution decree did not attach to an interest of the debtor but rather protected a pre-existing property right of the former spouse in the marital home. *Id.* at 1115.

The debtor acknowledges that a judicial lien existed by virtue of the supplemental decree in 1978. That decree provided that upon the sale of the marital home the parties would divide the proceeds and, additionally, that the debtor would pay from those proceeds $4,375.00 to reimburse Ms. Sullivan for her contribution in financing the debtor's business. The debtor argues that the subsequent stipulation and agreement in which his ex-spouse agreed to quit claim to the debtor all her right, title and interest in and to the marital home removed any judicial lien. The debtor specifically relies on the absence of language in the stipulation and agreement making reference to a lien and asserts that the parties did not intend a lien to follow.

The debtor's argument is not persuasive. The stipulation and agreement of April, 1984 specifically noted that:

6. The amounts due Petitioner under the original Decree and Supplemental Decree as child support and property settlement shall remain due and owing and said obligations of Respondent are uneffected by this agreement except that so long as Respondent makes the payments due herein in a timely fashion and pays toward support and property settlement in such amounts as he can reasonably afford, Petitioner will refrain from seeking the issuance of an execution against Respondent for child support or property division.

The quit claim deed given by Ms. Sullivan to the debtor, plaintiff's (creditor's) exhibit 2, was admitted at the March 24, 1987 hearing. On the face of the deed appear the words "this transfer is incidental to a Dissolution of Marriage; no deed stamps required." Moreover, in the July 21, 1986 ruling on application to modify, the state court again noted that Ms. Sullivan had a "judgment for $4,375 as a property division which remains unpaid. Later she also received an additional judgment for $4,000.00 for her share in the home which remains unpaid." At page 3 of the state court's ruling the court states: "The petitioner has a lien on the real estate for those items as well as any delinquent support. She can force the issue at any time if she wishes to by levying execution on the house." The above language clearly expresses the intent of the parties, as well as of the state court, that the debtor's obligations arising out of the dissolution decree shall remain a lien on the homestead despite the subsequent conveyance by Ms. Sullivan to the debtor. *See In re Graham,* 28 B.R. 928, 931 (Bankr.N.D.Iowa 1983) (lien on homestead traced from proceeds of securities sold by debtor and used to purchase homestead rather than applied to joint debts).

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the court concludes that the debtor's homestead property is not exempt to the extent of the value of Marie Luise Sullivan's judicial liens.

THEREFORE, the debtor's motion to avoid liens is hereby denied.

Signed and filed this 22nd day of February, 1988.