**In re Terry KNOLL, Debtor.**

**Bankruptcy No. L–90–02067C.**

United States Bankruptcy Court, N.D. Iowa.

Feb. 21, 1991.

Gerald J. Kucera, Cedar Rapids, Iowa, for debtor.

Harry R. Terpstra, Cedar Rapids, Iowa, trustee.

John Titler, Cedar Rapids, Iowa, for Farm Credit Bank.

Stanley Roush, Cedar Rapids, Iowa, for Susan Knoll.

## ORDER RE: OBJECTION TO EXEMPTIONS

MICHAEL J. MELLOY, Chief Judge.

The matter before the Court is an objection to exemption filed by the debtor's ex-wife, Susan Knoll. Mrs. Knoll objects to the debtor's claim of homestead exemption on the grounds that the homestead is not exempt from a judgment lien granted to her in a dissolution of marriage decree entered by the Iowa District Court. The objection to exemption is sustained.

### Facts

The facts in this case are undisputed. Terry and Susan Knoll were formerly husband and wife, having been married in 1970. In 1976 they purchased property which became their homestead.

In 1989, the objector, Susan K. Knoll, and the debtor, Terry D. Knoll, were parties to a dissolution of marriage proceeding in the Iowa District Court for Johnson County. The parties entered into a stipulation which was incorporated into a judgment and decree of dissolution of marriage dated December 20, 1989. Relevant portions of that stipulation are as follows:

4. **Asset Division**.... In addition, Petitioner [Susan K. Knoll] shall receive in cash the sum of $13,500.00 to be paid in five installments of $2,700.00 each, commencing on April 1, 1990, and continuing on said date in each year thereafter until fully paid. Petitioner shall have a judgment lien on all property of Respondent [Terry Knoll] until said sum is paid in full, together with interest on any amounts not paid when due, at the rate of 12% per annum until paid. In the event of sale of the property described in Paragraph 5 below, all amounts shall be paid in full.

5. **Real Property.** The Respondent [Terry Knoll] shall be awarded the sole and absolute title to the real estate located in Rural Route # 2, Oxford, Iowa, and legally described as follows: Commencing 670.9 feet west of the South Quarter Corner of Section 3, Township 80 North, Range 8, West of the 5th P.M., Johnson County, Iowa, thence West 660 feet; thence North 660 feet; thence East 600 feet; thence South 660 feet to the point of beginning, subject to a mortgage in favor of Federal Land Bank, which mortgage Respondent assumes and agrees to pay.

Debtor's schedules shows that the entire property settlement award of $13,500 remains unpaid.

## Discussion

The issue before the Court is whether the property described in paragraph 5 of the stipulation of the decree of dissolution of marriage, which is the debtor's homestead property, is exempt from the judgment lien of Mrs. Knoll. The Iowa homestead statute upon which the claim of exemption is based reads as follows:

**Section 561.16 Exemption.**

The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. Persons who reside together as a single household unit are entitled to claim in the aggregate only one homestead to be exempt from judicial sale. A single person may claim only one homestead to be exempt from judicial sale. For purposes of this section, "household unit" means all persons of whatever ages, whether or not related, who habitually reside together in the same household as a group.

Mrs. Knoll relies upon the Iowa Supreme Court decision of *Kobriger v. Winter*, 263 N.W.2d 892 (Iowa 1978). In that case, the ex-wife had been awarded alimony pursuant to a dissolution of marriage decree. The decree granted the former wife a lien on real estate which was awarded to the ex-husband to secure payment of the alimony. When the alimony payments were not made, the ex-wife brought an action to foreclosure her lien against the real estate. The ex-husband claimed the real estate as his homestead and argued that the homestead could not be sold to satisfy the judgment lien. The Iowa Supreme Court rejected this argument on the basis of that portion of Iowa Code § 561.16, which provides that a homestead is exempt from judicial sale only "... where there is no special declaration of statute to the contrary." The court went on to hold that Iowa Code § 598.21 (relating to the court's right to make an equitable distribution of property in a dissolution of marriage proceeding) is a special declaration of statute which "... makes the homestead laws ineffective to

bar judicial sale or other disposition of the homestead in adjusting the parties' property rights." *Kobriger,* 263 N.W.2d at 894 (citations omitted).

The debtor argues that the *Kobriger* case can be distinguished on two grounds. The first argument is that the *Kobriger* decision was based upon Iowa Code § 598.21 as the statute read in 1978. The debtor argues that because the statute has been amended since 1978 the result in *Kobriger* would be different. Secondly, the debtor argues that the trend in homestead cases in Iowa since 1978 calls into question *Kobriger's* continued validity. The debtor argues that the more recent cases have tended to hold the homestead "more sacred" and that *Kobriger* would not be decided the same if heard by the Iowa Supreme Court today. This Court concludes that the *Kobriger* case controls the issue before this Court and remains the law of Iowa on this subject.

Debtor first argues that there have been substantial changes made to Iowa Code § 598.21 since the *Kobriger* decision. The *Kobriger* case involved a decree of dissolution of marriage entered by the Iowa District Court in 1974. Thus, the applicable version of Section 598.21 was contained in the 1973 Code of Iowa. Iowa Code § 598.21 (1973) read as follows:

**Alimony—custody of children—changes.** When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.

Subsequent changes may be made by the court in these respects when circumstances render them expedient.

This Court concedes that there have been substantial changes and revisions to § 598.21 since 1973. In 1973, § 598.21 was a short, two paragraph statute, while the current version of § 598.21 takes up nearly one and one-half full pages of the Iowa Code. Yet, the changes that have been made to § 598.21 by the legislature essentially have amplified and expounded upon the basic concept set forth in the 1973 version of § 598.21, that marital property

should be divided equitably. Section 598.21 as contained in the 1989 Code of Iowa dictates various factors, such as the welfare of minor children, which should be taken into consideration in making that equitable distribution. However, the central theme of § 598.21 remains the same and is codified in the following language: "The court shall divided all property, except inherited property or gifts received by one party, equitably between the parties after considering all of the following." Iowa Code § 598.21 (1989). This Court believes the holding of *Kobriger*, that § 598.21 constitutes a special declaration of statute, would not be changed by any of the modifications or amendments made to § 598.21 since 1978 when the *Kobriger* case was decided.

This Court also is unconvinced that the trend in Iowa Supreme Court homestead cases would negate the *Kobriger* holding. In support of his position the debtor cites *In re Marriage of McMorrow*, 342 N.W.2d 73 (Iowa 1983). The debtor argues that the court in that case was very careful to point out that the debt which was enforced against the debtor's homestead was a preexisting child support obligation. However, the *McMorrow* decision dealt with the exceptions to the homestead exemption found at Iowa Code § 561.21 and more specifically the exception at § 561.21(2) for debts incurred prior to the acquisition of the homestead. This Court is unconvinced that the *McMorrow* decision would have any effect upon the holding in *Kobriger*. *Kobriger* dealt with the issue of whether the homestead was even exempt property under the definition in § 561.16. Since the *Kobriger* court held the property was not exempt from the judgment lien in the dissolution of marriage decree under § 561.16, it was not necessary for the *Kobriger* court to get to the issue of whether any of the exceptions to the homestead exemption found at Section 561.21 would be applicable.

The debtor also cites *Brown v. Vonnahme*, 343 N.W.2d 445 (Iowa 1984) and *In re Marriage of Armetta*, 417 N.W.2d 223 (Iowa App.1987) in support of his argument that there is a trend in Iowa cases to hold the homestead more sacred. However, this Court is not able to discern such a trend from those cases as to overrule the clear holding in *Kobriger*. The *Brown v. Vonnahme* case involved a judgment lien arising out of a personal injury accident and only reaffirmed a long line of Iowa cases that such judgment liens did not attach to either platted or unplatted homesteads. In the *Armetta* case the court found that the homestead property was liable for the debts in question. If anything, *Armetta* is a case where the court went out of its way to find a reason to subject the homestead to the debt in question and cannot be read as support for the proposition that the Iowa appellate courts have adopted a heightened level of protection for the homestead.

In summary, this Court believes that none of the cases cited by the debtor support the proposition that *Kobriger v. Winter* is not still good law in Iowa. As the Bankruptcy Court for the Southern District of Iowa has stated, "the effect of a judicial lien granted pursuant to a dissolution decree is to render the otherwise exempt homestead property not exempt to the extent of the value of such judicial lien." *Matter of Sullivan*, 83 B.R. 623, 625 (Bankr.S.D. Iowa 1988). Susan Knoll's objection to the exemption claimed by the debtor as to the homestead property is therefore sustained.

### ORDER

IT IS THEREFORE ORDERED that the objection filed by Susan K. Knoll to debtor's claim of homestead exemption is sustained. Debtor's homestead is not exempt from the judgment lien in the dissolution of marriage decree between the debtor, Terry Dean Knoll, and the creditor, Susan K. Knoll.

DONE AND ORDERED.