In re the **MARRIAGE OF R.J. BELZ and Tami Doreen Belz.**

**Upon the Petition of**

**R.J. Belz, Appellee,**

**and Concerning**

**Tami Doreen Belz n/k/a Tami Doreen Romero, Appellant.**

**No. 94–139.**

Supreme Court of Iowa.

Dec. 20, 1995.

---

Ted Harrison Engel, Des Moines, for appellant.

R.J. Belz, Bondurant, pro se.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

This is an appeal from a judgment of the district court allowing an execution against a homestead to implement a property division in a dissolution decree. We affirm.

When the marriage of R.J. and Tami Belz was dissolved in 1990, two tracts of real estate were involved: the former home of the parties (which had already been sold) and a business property known as 2419 Easton in Des Moines. The decree gave half of the proceeds from the sale of the home to each party and gave sole title to the business property to Tami. Tami operated a beauty salon on the first floor, and she lived in an apartment on the second floor.

R.J. appealed from the dissolution decree, claiming that he was entitled to all of the

proceeds of the sale of the home and all of the business property. In the meantime, R.J. complied with a court order requiring him to pay half of the house sale proceeds to Tami.

The court of appeals affirmed the award of the business/apartment property to Tami but decided R.J. should have received all of the house sale proceeds. Because Tami had apparently already spent the house sale proceeds, R.J. looked to the business property to satisfy his claim. The court determined this amount to be $20,000, and it entered judgment against Tami for that amount.

Tami filed bankruptcy and claimed the property as an exempt homestead. *See* Iowa Code § 561.16 (1993). Although there is some doubt whether this property qualified as a homestead because of Tami's sporadic occupation, the bankruptcy court and the district court assumed that it was in fact a homestead for exemption purposes, and we will treat it the same way. The issue is whether a homestead may be subjected to payment of a collateral judgment arising out of a property division in a dissolution case.

Iowa Code section 561.16 provides that "the homestead of every person is exempt from judicial sale *when there is no special declaration of statute to the contrary.*" (Emphasis added.) Iowa Code section 598.21(1) provides:

> Upon every judgment of ... dissolution ... the court shall divide the property of the parties and transfer the title of the property accordingly.

We have held that this section provides a "special declaration" that overrides a homestead exemption. *See Kobriger v. Winter,* 263 N.W.2d 892, 894 (Iowa 1978); *In re Marriage of Tierney,* 263 N.W.2d 533, 534 (Iowa 1978); *Daniels v. Morris,* 54 Iowa 369, 371, 6 N.W. 532, 533 (1880). We have also held that a dissolution court has the power to impose a lien on a homestead to effectuate a property settlement. *Kobriger,* 263 N.W.2d at 894; *Luedecke v. Luedecke,* 195 Iowa 507, 510, 192 N.W. 515, 516 (1923).

Tami argues that this case is not controlled by these principles because the court's imposition of lien here was not in the context of a

property division under section 598.21. Rather, she claims, it is an ordinary action to enforce a lien and thus subject to the homestead exemption of section 561.16. It is true that this is not strictly a dissolution order for a property division, but it is equally clear that it is an action to enforce a property division as modified by the court of appeals.

To hold, as Tami urges us, that this property is exempt would frustrate the power of the court to make an equitable property division and would reward her for taking (and apparently spending) the $20,000 that the court of appeals ultimately determined should not be hers.

We hold that the exemption provision of Iowa Code section 561.16 is inapplicable in an action to enforce the provisions of a property decree as well as to the property division itself. We therefore affirm.

**AFFIRMED.**