# IN THE COURT OF APPEALS OF IOWA

No. 24-0636
Filed March 5, 2025

IN RE THE MARRIAGE OF MEREDITH RENEE MAJORS
AND CHRISTOPHER JAMES MAJORS

Upon the Petition of
MEREDITH RENEE MAJORS,
 Petitioner-Appellant,

And Concerning
CHRISTOPHER JAMES MAJORS,
 Respondent-Appellee,

and

JOHN DAVID HARTUNG,
 Interested Party-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Meredith Majors appeals the judgment entered on an attorney fee lien that arose from the proceedings to dissolve her marriage to Christopher Majors. **AFFIRMED.**

Jonathon P. Tarpey of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Amy K. Davis of Miller, Zimmerman & Evans, P.L.C., Des Moines, for appellee Christopher James Majors.

Suzane L. Woollums of Hartung Schroeder Law Firm, Des Moines, for appellee John David Hartung.

Heard by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Meredith Majors appeals the judgment entered on an attorney fee lien that arose from the proceedings to dissolve her marriage to Christopher Majors.[1] The district court ordered the lien paid from proceeds held in trust following the sale of the marital home. Meredith contends the court erred by finding that the homestead exemption set out in Iowa Code section 561.16 (2024) lien is void against the proceeds of the sale of the home. Because the homestead exemption does not apply to dissolution proceedings, we affirm. We decline to award appellate attorney fees.

### I. Background Facts and Proceedings.

This appeal stems from a dispute over attorney fees that Meredith incurred during proceedings to dissolve her marriage to Christopher. Meredith began those proceedings in February 2021, and the district court entered the decree dissolving the marriage in February 2023. The court awarded the marital home to Meredith, ordering her to refinance the mortgage within sixty days and split the home's equity with Christopher.

When Meredith could not refinance the mortgage, Christopher initiated contempt proceedings. The district court found Meredith in default, directed her to list the home for sale immediately, and ordered her to pay Christopher one-half of the proceeds when sold. The home was sold in October 2023, but a dispute then arose over how to divide the sale proceeds between Meredith and Christopher. Christopher petitioned for declaratory judgment on the matter. The parties agreed

---

[1] J.D. Hartung, the attorney who filed the lien, appears as an interested party.

that Christopher's attorney would hold the sale proceeds in trust until the court's ruling.[2]

Before the court ruled on how to divide the sale proceeds, J.D. Hartung filed an attorney fee lien in the amount of $20,147.75 for legal services rendered to Meredith pending the dissolution. Hartung represented Meredith from March 2021 until she consented to his withdrawal in October 2021. The attorney representation agreement Meredith signed with Hartung's law firm required payment of a $10,000 retainer, all expenses incurred on her behalf, and an hourly fee for the work performed by Hartung and his staff. She paid with a MasterCard.

The dispute over attorney fees arose when Meredith disputed two payments to Hartung, totaling $20,147.75. Those funds were debited from the law firm's bank account in January 2022 when the credit card transactions were reversed. The firm contested Meredith's dispute, and the funds were returned. But Meredith continued to dispute the charges, and the funds were debited from the account again in August 2022. The bank appealed on the firm's behalf. Hartung learned that MasterCard denied the appeal in November 2023.

Before the declaratory judgment action concluded, Hartung filed the attorney fee lien on the proceeds from the sale of the marital home under Iowa Code section 602.10116(3) (providing that an attorney can perfect a lien on money owed by a client and held by an adverse party in the action in which the attorney was employed). Meredith moved to void the lien, claiming her share of the proceeds from the sale of the home are protected under the homestead exemption

---

[2] On November 22, 2023, the district court divided the proceeds and ordered $54,802.97 distributed to Meredith and $56,989.23 distributed to Christopher.

in Iowa Code chapter 561. The district court ordered Meredith's attorney to retain $20,147.75 of Meredith's share of the home sale proceeds in trust pending a hearing. After the hearing, the court found the sale proceeds lost their exempt status because Meredith never reinvested them in another homestead or showed that she intended to do so. The court entered judgment on the attorney lien in the amount of $20,147.75 and ordered that Hartung be paid the lien from the funds being held in trust. Meredith moved the court to reconsider, and the court denied her motion.

**II. Scope and Standard of Review.**

Actions to dissolve a marriage are equity actions, so our review is de novo. *In re Marriage of Miller*, 966 N.W.2d 630, 635 (Iowa 2021) (citing Iowa R. App. P. 6.907). "Under a de novo review we will make our own legal conclusions, as we are not bound by and give no deference to the trial court's conclusions of law." *Woods v. Charles Gabus Ford, Inc.*, 962 N.W.2d 1, 5 (Iowa 2021) (cleaned up). To the extent that the issues on appeal turn on questions of fact, we give deference to the district court's findings although they are not binding. *Id.*

**III. Analysis.**

The sole question on appeal is whether the proceeds from the sale of the marital home are exempt from the attorney fee lien. Meredith contends that the sale proceeds are exempt under the homestead exemption set out in Iowa Code chapter 561.

The general assembly has enacted special procedures that protect homestead rights "to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and social benefit which accrues to the State

by having families secure in their homes." *In re Est. of Waterman*, 847 N.W.2d 560, 566–67 (Iowa 2014) (internal quotation marks and citation omitted). Because of the important public purpose of those protections, "we construe our homestead statute broadly and liberally to favor homestead owners." *Id.* at 567. Among the protections afforded by the homestead statute, "the general assembly has expressly limited the circumstances in which a homestead may be vulnerable to judicial sales for the satisfaction of debts." *Id.* Section 561.16 exempts a person's homestead from judicial sale unless a special statutory declaration states otherwise. *See, e.g.*, Iowa Code § 561.21 (listing scenarios in which the homestead may be sold to satisfy debts).

The district court ordered the homestead sold and the proceeds divided to effect a property division in the underlying dissolution. *See id.* § 598.21 ("Upon every judgment of . . . dissolution, . . . the court shall divide the property of the parties and transfer the title of the property accordingly . . . ."). As the Iowa Supreme Court has observed, "Our cases have long recognized that [section] 598.21 constitutes a 'special declaration of statute' which makes homestead laws ineffective to bar judicial sale of the homestead in adjusting the property rights of the parties." *In re Marriage of Tierney*, 263 N.W.2d 533, 534 (Iowa 1978); *see also In re Marriage of Belz*, 541 N.W.2d 894, 895 (Iowa 1995) (holding the homestead exemption inapplicable in an action to enforce the provisions of a property decree as well as to the property division itself). It has also rejected the argument that the proceeds from the sale of the homestead as part of a dissolution proceeding must go to the parties rather than a creditor who does not hold a lien on the homestead:

> Because [section] 598.21 creates an exception to the judicial sale prohibition of [section] 561.16, the homestead laws simply have no application when judicial sale is decreed. Once sale is ordered, nothing in the homestead laws purports to control judicial disposition of the proceeds. The proceeds would be subject to the claims of creditors in the hands of the parties. Moreover, nothing in [section] 598.21 prohibits the court from ordering the proceeds applied directly on a debt in settling the parties' property affairs. Assets and debts are allocable under the dissolution court's statutory power to adjust property rights. A decree which orders homestead sale proceeds paid to a creditor is no less authorized than one which would make one of the parties responsible to pay the same debt from allocated assets.

*Tierney*, 263 N.W.2d at 535.

Meredith does not challenge the district court's ability to direct the sale of the homestead or to divide the proceeds of the sale between the parties. Those proceeds were held in trust by Christopher's attorney while the court determined how to divide them. Before the matter was decided, Hartung filed an attorney fee lien against Meredith's share of those proceeds.

When the court entered its declaratory judgment order, it divided the proceeds from the home sale equally between Meredith and Christopher. It ordered that they both pay a portion of the property taxes owed on the home, as well as one-half of the maintenance costs and attorney fees associated with the sale from their shares of the proceeds. It ordered Meredith to pay past due medical expenses from her share of the proceeds. In a separate order, the court set the attorney fee lien and Meredith's motion to void it for a hearing and ordered $20,147.75 of Meredith's share of the home sale proceeds held in trust pending resolution of the matter.

The provisions of section 598.21 fall under the category of special statutory declaration. The court ordered the marital home sold to enforce the property

division portion of the dissolution decree. With that judicial sale, the home's sale proceeds were no longer exempt under section 561.16 and the court could enforce the attorney fee lien against those proceeds. Accordingly, we affirm.

**IV. Appellate Attorney Fees.**

The parties on appeal each request an award of their appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests in this court's discretion. *In re Marriage of Stenzel*, 908 N.W.2d 524, 538 (Iowa Ct. App. 2018). In exercising this discretion, we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (citation omitted).

Because Meredith was not successful on appeal, we decline to award her appellate attorney fees. We also decline to award Christopher his appellate attorney fees because he had no interest in the attorney fees at issue on appeal. *See Hubbard v. Ellithorpe*, 112 N.W. 796, 798 (Iowa 1907) (rejecting claim that former spouse was a necessary party in an action to establish an attorney fee lien filed by attorney who represented a party in the divorce). Finally, although Hartung had an interest in and was successful on appeal, we find no authority for granting him appellate attorney fees. *See Thorn v. Kelley*, 134 N.W.2d 545, 548 (Iowa 1965) (stating that the right to recover attorney fees only exists if a statute or agreement expressly authorizes it).

**AFFIRMED.**