**In the Matter of Joseph F. MACKE, Jr., Debtor.**

**Bankruptcy No. 91–178–D.**

United States Bankruptcy Court, S.D. Iowa.

Jan. 13, 1992.

James D. Bruhn, Farwell & Bruhn, Clinton, Iowa, for debtor.

Gary J. Rolfes, Mayer, Mayer, Lonergan & Rolfes, Clinton, Iowa, for creditor.

ORDER—MOTION TO AVOID LIEN

RUSSELL J. HILL, Bankruptcy Judge.

On July 17, 1991, an evidentiary hearing was held on debtor's motion to avoid lien and creditor's objection thereto. James D. Bruhn represented Joseph F. Macke (debtor) and Gary J. Rolfes represented Michaelene M. Macke (creditor). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The court, having reviewed the evidence and arguments of counsel, now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

FINDINGS OF FACT

1. At the time of their marriage and throughout the term of their marriage creditor Michaelene M. Macke held title to the property at 221 13th Avenue South, Clinton, Iowa, which the parties occupied as their homestead. The subject of this proceeding is the property at 234 13th Avenue South, which debtor Joseph F. Macke claims as his homestead and which the parties purchased as joint tenants with full rights of survivorship. The debtor has resided at 234 13th Avenue South since June

1990. The creditor and the couple's minor child resided at 221 13th Avenue.

2. On November 30, 1990, a Decree of Dissolution of Marriage was filed ending the parties' marriage and providing that debtor shall have and receive the residence at 234 13th Avenue South. The decree further provided debtor shall assume and be responsible for payment of the mortgage indebtedness owed to Norwest Mortgage, which is the first mortgage lien on creditor's residence (221 13th Avenue South), and debtor shall hold creditor harmless thereon. To secure payment of this indebtedness, the decree granted the creditor a lien against debtor's residence at 234 13th Avenue South until payment in full. The debtor failed to fulfill his obligation; Norwest Mortgage initiated foreclosure proceedings; and creditor settled with Norwest Mortgage by granting it a deed in lieu of foreclosure for her homestead at 221 13th Avenue.

3. On January 24, 1991, the debtor filed his petition for relief under Chapter 7. On February 13, 1991, he filed his motion to avoid creditor's lien in his residence pursuant to 11 U.S.C. § 522(f)(1) (1991).

## DISCUSSION

The issue in this case is whether debtor can avoid the lien granted by the parties' divorce decree to creditor/former spouse on the homestead, which debtor claims as exempt. Bankruptcy Code section 522(f)(1) provides in relevant part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien....

Section 522(f)(1) establishes several conditions for a lien to be avoided. *Farrey v. Sanderfoot*, — U.S. —, 111 S.Ct. 1825, 1828, 114 L.Ed.2d 337 (1991) (citing *In re Hart*, 50 B.R. 956, 960 (Bankr.D.Nev. 1985)). In the case at bar, the parties do not dispute that creditor has a judicial lien against debtor's claimed-as-exempt homestead. Creditor does challenge whether the lien impairs an exemption to which the debtor would otherwise be entitled under Iowa law. Finally, the parties dispute whether the lien fixed on an interest of the debtor in the property, also a question of state law. *Farrey*, 111 S.Ct. at 1830. Thus, a number of issues are presented, primarily 1) whether debtor would be entitled under Iowa law to a homestead exemption in the property at issue; and, if so, 2) whether § 522(f)(1) permits the debtor to avoid the fixing of creditor's lien on the property interest he obtained in the divorce decree.

■ The court considers first whether debtor would be entitled under Iowa law to the homestead exemption. Iowa's homestead exemption statute provides: The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. Iowa Code § 561.16 (1991). The lien in question was granted in a dissolution decree under the power bestowed on the state district court by Iowa Code § 598.21, which provides that "[u]pon every judgment of annulment, dissolution or separate maintenance the court shall divide the property of the parties and transfer the title of the property accordingly." Iowa Code § 598.-21(1) (1991). The Iowa Supreme Court has construed section 598.21 as a "special declaration of statute to the contrary" of the homestead exemption granted by Iowa law. *Kobriger v. Winter*, 263 N.W.2d 892, 893–94 (Iowa 1978). Therefore, the effect of a judicial lien granted pursuant to Iowa Code § 598.21 is to render the otherwise exempt homestead property not exempt to the extent of the value of such lien. *In re Knoll*, 124 B.R. 548, 550 (Bankr.N.D.Iowa 1991); *Matter of Sullivan*, 83 B.R. 623, 625 (Bankr.S.D.Iowa 1988). Thus, the debtor would not have been entitled under Iowa law to assert his homestead exemption as against this lien. The analysis, however, cannot end here.

■ The Supreme Court recently held that judicial liens can be avoided under § 522(f) even though the state has defined

the exempt property in such a way as specifically to exclude property encumbered by such liens. *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). *Owen* instructs courts to ask whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien. *Id.,* 111 S.Ct. at 1837–38. Thus, it seems that Iowa's exclusion of certain liens (e.g., Iowa Code § 561.-21) from the scope of its homestead protection might not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision. *Id.* at 1838. This Court does not answer that issue here. In the case at hand, pursuant to *Owen,* the court must consider whether avoiding creditor's judicial lien would entitle the debtor to an exemption but for the lien at issue. The answer is yes: but for Ms. Macke's lien, the debtor would have been fully entitled to the Iowa homestead exemption.

The foregoing conclusion, again, does not resolve this case. *See id.* Section 522(f) permits the avoidance of the "fixing of a lien on an interest of the debtor." Under Iowa law it is arguable whether the lien attached before, simultaneously, or after debtor's acquisition of the property interest. If the lien attached before or simultaneously to acquisition of the interest, the lien did not fix "on an interest of the debtor." *Farrey v. Sanderfoot,* — U.S. —, 111 S.Ct. 1825, 1830–31, 114 L.Ed.2d 337 (1991). Thus, the court now turns its attention to whether § 522(f)(1) permits the debtor to avoid the fixing of Ms. Macke's lien on the property interest he obtained in the divorce decree.

Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 76–77 (1978); H.R.Rep. No. 595, 95th Cong., 2d Sess. 126–27 (1977), *both reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5862–63, 6087–88. Judicial liens were singled out for avoidance because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts. *Farrey,* 111 S.Ct. at 1829. Section 522(f)(1) is not, however, concerned with liens that fixed on an interest before the

debtor acquired that interest. *Id.* at 1830. If the "fixing" took place before the debtor acquired that interest, the "fixing" by definition was not on the debtor's interest. *Id.* Nor could § 522(f) apply given its purpose of preventing a creditor from beating the debtor to the courthouse, since the debtor at no point possessed the interest without the judicial lien. *Id.* Thus, "it is settled that a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached." *Id.*

The critical issue then in this case is whether the debtor ever possessed the interest he holds without the judicial lien, a question of state law. *Id.* The parties agree that prior to the dissolution decree they held the property at issue as joint tenants with full right of survivorship and not as tenants in common. Ms. Macke argues that the divorce decree extinguished the debtor's pre-existing joint tenancy interest and, at the same time, created a completely new fee simple interest subject to her lien. The debtor, on the other hand, argues that prior to the divorce decree he had an undivided interest in the entire estate to which the lien attached, impairing debtor's otherwise exempt homestead.

Iowa case law has never addressed whether a lien granted in a divorce decree fixes before, simultaneously, or after a joint tenancy is converted to a fee simple interest. At the risk of resorting to common sense, it appears the lien fixed on the debtor's fee simple interest simultaneously to the creation of the fee simple interest because both were brought into legal existence in the same decree. Nothing in the decree would indicate a temporal order within which the lien and fee simple interest were created and the joint tenancy extinguished. Thus, this court concludes Ms. Macke's lien attached to the property at issue prior to or simultaneously to the time at which the debtor received his interest. Put another way, the debtor never possessed the fee simple interest he holds without the judicial lien. Consequently, the lien is not avoidable pursuant to 11 U.S.C. § 522(f).

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the court concludes that debtor may not use § 522(f) to avoid creditor's lien in the residence.

THEREFORE, creditor's objection to debtor's claim of exemption is denied as moot and debtor's motion to avoid lien is denied.