**In the Matter of Gerald Edward BROCKMAN and Carmen Deborah Brockman, Debtors.**

**Gerald Edward BROCKMAN, Plaintiff,**

v.

**Linda Ruth BROCKMAN, Defendant.**

**Bankruptcy No. 91–922–W H.**
**Adv. No. 91–91142.**

United States Bankruptcy Court,
S.D. Iowa.

July 1, 1992.

C.R. Hannan, Council Bluffs, Iowa, for debtors.

Jack E. Ruesch, Council Bluffs, Iowa, for defendant/creditor Linda Ruth Brockman.

Donald F. Neiman, Des Moines, Iowa, trustee.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO AVOID LIEN

RUSSELL J. HILL, Bankruptcy Judge.

On January 16, 1992, a telephonic hearing was held on Defendant's and Plaintiff's motions for summary judgment and the respective objections thereto. The Court also entertained within this hearing the Debtors' motion to avoid lien and Defendant–Creditor's objection thereto. C.R. Hannan represented the Plaintiff/Debtors [hereinafter Debtors] and Jack E. Ruesch represented the Defendant [hereinafter Creditor]. The dispute was taken under advisement with a briefing deadline. The Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

Debtor brought this complaint to determine the dischargeability of a debt he owed to his former spouse, the Creditor. Creditor concedes that the debt at issue is in the nature of a property settlement and therefore is dischargeable.

Debtors previously filed a motion to avoid liens in the underlying bankruptcy case, seeking to avoid Creditor's security interest in farm machinery and equipment, which the Debtors claimed as exempt. Creditor resisted this motion. At a September 12, 1991 telephonic hearing the Court continued the motion to avoid lien for hearing with this adversary proceeding.

## FINDINGS

The facts are not in dispute. As presented by the parties in their various pleadings, the facts relevant to this Court's decision are presented as follows:

1. Debtor, Gerald Brockman, and Creditor, Linda Brockman, were husband and wife. Their marriage of approximately 20 years was dissolved by decree of the Iowa District Court for Pottawattamie County on July 1, 1988.

2. The Decree of Dissolution distributed the property of the parties by awarding the Debtor the farm homestead and other farm-related assets, including machinery and equipment, and by awarding Creditor judgment for property settlement in the amount of $60,000. The decree more specifically provides:

> that judgment should be and the same is hereby rendered in favor of Respondent, Linda Brockman, and against Petitioner, Gerald Brockman, for the sum of $60,000.00. Said amount is for purposes of property settlement and is not alimony ... Petitioner shall forthwith pay to Respondent the maximum amount that State Bank & Trust is willing to lend him for purposes of making said payment, however, Petitioner shall not be required to borrow more than $40,000.00. The balance of the said judgment shall be payable in 10 equal annual installments of principal, plus accrued interest, with the first payment being due on or before July 1, 1989. Interest shall accrue on said balance of the judgment at the rate of five percent per annum commencing on the date the lump sum payment is made to Respondent. Respondent shall subordinate her judgment lien on the property described above to a mortgage given to State Bank & Trust by Petitioner for purposes of financing the lump sum payment.

> .     .     .     .     .

> that Petitioner shall forthwith execute and deliver to Respondent a security agreement and financing statement granting the Respondent a security interest in all now owned or afer [sic] acquired machinery and equipment, farm products, including but not limited to, livestock and crops, inventory, farm program payments, contract rights, accounts, general intangibles and proceeds. The Respondent's financing statement shall be second in priority to the existing financing statement of State Bank & Trust.

*In re Marriage of Brockman,* Equity No. 1452 op. at 4–5 (Iowa Dist.Ct. for Pottawattamie County July 1, 1988) (Decree of Dissolution of Marriage).

3. Immediately prior to the dissolution of their marriage, Linda Brockman and Gerald Brockman had joint ownership in their farm real estate and machinery and equipment, including the machinery and equipment, which Debtors now claim as being exempt.

4. On July 11, 1988, in accordance with the dissolution decree, Gerald E. Brockman executed the security agreement granting Linda R. Brockman a security interest in his then owned and after acquired inventory, accounts, chattel paper, documents and instruments relating to accounts, general intangibles, equipment, farm products, all farm program payments together with proceeds, products, increase, issue, accessions, attachments, accessories, parts, additions, repairs, replacements and substitutes of, to, and for all of the foregoing.

5. This security agreement recited that the security interests secured payment of the judgment in favor of Linda R. Brockman for property settlement in the parties' decree of dissolution of marriage.

6. This security agreement also recited that it was junior and inferior to the current security interest of State Bank and Trust.

7. There remains unpaid and owing to Linda Brockman on the property settlement judgment the sum of $24,000.00 plus 5% interest from approximately July 1, 1990.

8. Gerald Edward Brockman and Carmen Deborah Brockman filed their bankruptcy petition for relief under Chapter 7 on April 1, 1991.

9. On May 30, 1991 the Debtors moved to avoid the liens of State Bank and Trust and Linda Brockman in the following implements and/or tools of the trade, with assigned values:

| | |
|---|---:|
| Cultivator | $ 10.00 |
| J.D. Tractor | 790.00 |
| J.D. 4030 Tractor | 17,000.00 |
| Duals, Hubs | 200.00 |
| Koyker Loader | 2,000.00 |
| | $20,000.00 |

10. State Bank and Trust never objected to the motion for lien avoidance. The basis for Debtors' motion against State Bank and Trust was that the lien was a nonpossessory, nonpurchase money security interest impairing Debtors' exemptions to farm implements and tools of the trade.

## DISCUSSION

Creditor concedes the debt is dischargeable pursuant to 11 U.S.C. § 523(a)(5) as being in the nature of a property settlement rather than alimony, maintenance, or support. The Bank apparently concedes, by failing to answer, that its lien is a nonpossessory, nonpurchase money security interest impairing Debtors' exemptions and therefore its lien will be avoided pursuant to 11 U.S.C. § 522(f)(2). The Court is then left with only one issue: whether the former spouse-creditor's lien in the farm implements is avoidable pursuant to § 522(f).

This Court recently addressed a similar issue analyzing Iowa exemption law and recent Supreme Court decisions on § 522(f). *See In re Macke*, 136 B.R. 209 (Bankr. S.D.Iowa 1992). In *Macke* the debtor attempted to avoid his former spouse's lien in the marital residence he obtained in the couple's divorce decree. At issue was whether the debtor would be entitled under Iowa law to the homestead exemption and if so whether § 522(f)(1) would permit avoidance of the lien. The Iowa Supreme Court has construed Iowa Code § 598.21 (division of property in divorce) as a special declaration of statute contrary to the homestead exemption. However, *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) instructs courts to consider whether avoiding a lien would entitle a debtor to an exemption "but for" the lien at issue. In *Macke* the answer was yes: but for the lien, the debtor would have been entitled to the homestead exemption. Nevertheless, the court did not allow avoidance of the lien because it found that the lien had not fixed "on an interest of the debtor" because the debtor never possessed the interest he held without the lien attached. That is, the court found the former spouse's lien had attached prior to or simultaneously to the time at which the

debtor received his interest in the property by virtue of the divorce decree.

The Bankruptcy Court for the Northern District of Iowa has also considered whether a debtor can avoid judgment liens resulting from divorce decrees. *See Steffen v. Steffen (In re Steffen)*, Case No. L–91–021670, Adv. No. L–92–0009D (Bankr. N.D.Iowa May 12, 1992) (Chief Judge Melloy); *In re Reinders*, 138 B.R. 937 (Bankr. N.D.Iowa 1992) (Judge Edmonds). In *Steffen* Judge Melloy reasoned that Iowa law conformed to the decision in *Farrey v. Sanderfoot*, —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991): that an Iowa divorce decree extinguishes or reorders the pre-divorce property interests of the parties so that a lien awarded pursuant to a divorce decree attaches prior to or simultaneously with the award of a property interest. Thus, in *Steffen* such a lien could not be avoided pursuant to § 522(f) because it did not attach to an interest of the debtor. Instead the lien was fixed before the debtor held the interest. In *Reinders*, Judge Edmonds reasoned that a debtor could not avoid a divorce decree lien in her homestead because she could not claim the homestead as exempt. *Reinders*, 138 B.R. at 941. The debtor's homestead exemption failed not because of the time at which the lien attached, but because Iowa Code § 598.21 gives the state court the authority to order sale of the property in a dissolution decree. *Id.* at 942.

The present case differs factually from the three Iowa cases discussed above in the following ways. First, farm implements and machinery, instead of a homestead, are being claimed as exempt. Secondly, the property at issue was subject to a pre-divorce first lien in favor of the bank and subject to a second lien in favor of the former spouse-creditor pursuant to the divorce decree. The divorce decree provided that the former spouse-creditor's lien in the personal property would be second in priority to the bank's existing financing statement. Absent any objection and pursuant to Debtors' § 522(f) motion, this order will avoid the Bank's lien in the exempt property.

Taking into consideration these circumstances, the Court finds the issue to be whether Debtors can avoid a lien in personal property, when both the lien and property have been awarded pursuant to a divorce decree. This Court's conclusion is that the Debtors may avoid the lien only to the extent the lien attached to an interest of the Debtor(s). The divorce decree lien attached to an interest of the Debtor(s) only in the case of property, which was snagged by the after-acquired property clause of the divorce decree/financing statement, and which does not represent "proceeds" of Debtor's pre-divorce decree property.

The rationale followed here is the same as in *Matter of Macke*, 136 B.R. 209 (Bankr.S.D.Iowa 1992) (relying on *Farrey v. Sanderfoot*, —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) and *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)). The Court considers first whether Debtors would be entitled under Iowa law to the claimed exemption. *Macke*, at 210. Iowa Code § 627.6(11)(a) provides a farmer-debtor may hold exempt ten thousand dollars worth of farming implements and equipment. Section 627.6 does not provide, as does § 598.21, for its own trumping when there is a "special declaration of statute to the contrary." There appears to be no statutory basis for finding the Debtors may not claim the property as exempt. Thus, Debtors are entitled to the exemption.

In this particular case the *Owen* analysis made in *Macke* is unnecessary. *See Macke*, 136 B.R. at 210–11.

Secondly, section 522(f) permits the avoidance of the "fixing of a lien on an interest of the debtor." *See Macke* at 211. Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 76–77 (1978); H.R.Rep. No. 595, 95th Cong., 2d Sess. 126–27 (1977), *both reprinted in* 1978 U.S.C.C.A.N. 5787, 5862–63, 6087–88. Judicial liens were singled out for avoidance because they are a device commonly used by creditors to defeat the protection bankruptcy law accords

exempt property against debts. *Farrey*, —— U.S. at ——, 111 S.Ct. at 1829. Section 522(f)(1) is not, however, concerned with liens that fixed on an interest before the debtor acquired that interest. *Id.* —— U.S. at ——, 111 S.Ct. at 1830. If the "fixing" took place before the debtor acquired that interest, the "fixing" was not on the debtor's interest. *Id.* Nor could § 522(f) apply given its purpose of preventing a creditor from beating the debtor to the courthouse, since the debtor at no point possessed the interest without the judicial lien. *Id.* Thus, "it is settled that a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached." *Id.*

While Iowa courts have not specifically addressed the issue, this Court finds that under Iowa law, the divorce decree re-ordered the parties' interests so that both parties received their property and lien interests in the pre-divorce decree personal property and proceeds at the same time. Thus, the lien in those items may not be avoided pursuant to § 522(f). Personal property that Debtor(s) acquired after the divorce decree, which does not represent "proceeds" of pre-divorce decree personal property, is, however, subject to § 522(f) lien avoidance because the after-acquired property clause provided for in the divorce decree provides for the attachment of creditor's lien on an "interest of the debtor." Pursuant to § 522(f)(2) a lien on personal property snagged by the after-acquired property clause is avoidable.[1]

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the Court concludes that Debtors may use § 522(f) to avoid Creditor's lien in personal property only to the extent the lien attached to post-divorce decree property not representing proceeds of pre-divorce decree personal property. Therefore, Debtors may not avoid Linda Brockman's lien on the cultivator, J.D. tractor, J.D. 4030 tractor, duals, hubs, and Koyker loader.

IT IS ACCORDINGLY ORDERED that Linda Ruth Brockman's claim is discharge-

able as being in the nature of a property settlement and not alimony, maintenance, or support.

FURTHER, the motion to avoid lien is sustained as to State Bank & Trust; and State Bank & Trust's security interest in Debtors' implements and tools of the trade and personal property is avoided.

FURTHER, the motion to avoid lien is overruled as to Linda Brockman's security interest in pre-divorce decree personal property specifically the cultivator, J.D. tractor, J.D. 4030 tractor, duals, hubs, and Koyker loader, and proceeds of said personal property, and sustained as to Linda Brockman's security interest in Debtors' after-acquired property.

LET JUDGMENT ENTER ACCORDINGLY.